# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 18-5506 R (MRWx) | Date | July 12, 2018 |
|---|---|---|---|
| Title | Perdomo v. Los Angeles County Sheriff's Department | | |

| Present: The Honorable | Michael R. Wilner | |
|---|---|---|
| Veronica Piper | | n/a |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None present | | None present |

**Proceedings:** ORDER TO SHOW CAUSE RE: EXHAUSTION OF CLAIM

    1.    Plaintiff Michael Perdomo filed a pro se civil rights complaint. He is currently a pretrial inmate at the Men's Central Jail in Los Angeles. He seeks to recover from various jail personnel regarding an injury he suffered while in custody in April 2018. (Complaint at 3.)

    2.    Plaintiff filed a request for in forma pauperis status and a waiver of the filing fee. Under the IFP statute [28 U.S.C. § 1915A], the Court must "review, before docketing," a complaint of this nature. The Court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted."

    3.    Moreover, under the Prisoner Litigation Reform Act, a prisoner may not commence an action in federal court "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). According to the Supreme Court, that statutory requirement is "mandatory." Ross v. Blake, ___ U.S. ___, 136 S. Ct. 1850, 1856 (2016). "A district court must dismiss a case without prejudice when there is no presuit exhaustion." Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005) (emphasis and quotation omitted).

    4.    In his complaint, Plaintiff admits that he is "still awaiting" a response from jail officials regarding his grievance involving an incident that occurred only a few weeks ago. The Court is aware that the Los Angeles County jail system has a multi-level system of administrative review of inmate grievances. Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014) (en banc). From the face of his complaint, then, it is apparent that Plaintiff could not have properly exhausted all levels of his administrative remedies before commencing this action.

    5.    The Court therefore orders Plaintiff to show cause why the IFP application should not be denied and the action dismissed. Plaintiff will submit a detailed statement (not to exceed five pages) explaining the status of his administrative grievance, the next anticipated step, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-5506 R (MRWx) | Date | July 12, 2018 |
|---|---|---|---|
| Title | Perdomo v. Los Angeles County Sheriff's Department | | |

whether and when the pre-lawsuit grievance process will be completed. Plaintiff's submission will be due by August 3.

6. <u>Alternatively</u>, if Plaintiff acknowledges that he cannot maintain this action until he completes these procedures, he can voluntarily dismiss the action without prejudice and without further consequence on his own. A notice of dismissal filed by August 3 will serve to discharge this order.

**Failure to file a timely submission as directed above will result in a recommendation that this action be dismissed for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**