UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-5506 R (MRW) | Date | June 17, 2019 |
|---|---|---|---|
| Title | Perdomo v. Lee | | |

| Present: | Hon. Michael R. Wilner | |
|---|---|---|
| | Veronica Piper | n/a |
| | Deputy Clerk | Court Reporter / Recorder |
| | Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| | n/a | n/a |

**Proceedings:** ORDER RE: APPOINTMENT OF LAWYER AND DISMISSAL MOTION

1. This is a long-stalled prisoner civil rights action. In late 2018, the defense moved to dismiss the complaint on various legal grounds. (Docket # 22.) To date, Plaintiff has not filed a recognizable opposition to the motion.

2. Instead, Plaintiff submitted various letters and requests to the Court. The gist of those submissions was either to request appointment of a lawyer, or for the Court to allow Plaintiff to have additional time to secure his own counsel. (Docket # 25, 28, 31, 34.)

## Appointment of Counsel

3. Plaintiff's request for an appointed lawyer is denied. As the Court informed Plaintiff on previous occasions (Docket # 27, 30), appointment of a lawyer is not automatic in federal civil actions. Rather, a litigant must demonstrate "exceptional circumstances" that materially affect her or his ability to present a meritorious case. Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004).

4. In an apparent effort to respond to the Court's explanations, Plaintiff (improperly, per Federal Rule of Civil Procedure 5(d)) caused the jail staff to send a folder of his medical records to the Court. The Court reviewed those materials confidentially. The Court notes that Plaintiff has suffered from some sort of seizures in the past year. That has prompted treatment from jail physicians and outside practitioners.

5. But the bare existence of a medical problem like periodic seizures does not demonstrate "exceptional circumstances" that lead to the appointment of a lawyer. Plaintiff has made no effort to demonstrate how his medical issues prevent him from representing himself in the civil action he commenced. He also has not – beyond the simple allegations in the complaint – convincingly shown that he is likely to prevail on his pled causes of action. Wilborn v. Escaleron, 789 F.2d 1328, 1331 (9th Cir. 1986). Appointment of a lawyer is not warranted based on the record.

**Order to Show Cause**

6. Turning to the dismissal motion, Plaintiff has had nearly six months to submit a cognizable response. Other than voluntarily dismissing his Eighth Amendment and property loss claims (Docket # 25), Plaintiff has not addressed the defense's arguments regarding the complaint.

7. The Court may well be unfazed by the defense's exhaustion-based dismissal request at this stage of the action. Albino v. Baca, 747 F.3d 1162, 1169-71 (9th Cir. 2014) (en banc) (failure-to-exhaust defense properly raised at summary judgment); Heinemann v. Satterberg, 731 F.3d 914, 916 (9th Cir. 2013) (unopposed summary judgment motion requires adequate evidentiary support).

8. However, the challenge to Plaintiff's excessive force claim (augmented by Plaintiff's supplementary statements attached to the complaint) could properly lead to dismissal of the action. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) (party can "plead himself out of a claim" by including information in complaint or exhibits that negates allegations)

9. Plaintiff has had adequate time to locate a private attorney as he requested in his last filing. (Docket # 34 (April 2019).) He is ordered to show cause why the action should not be dismissed without leave to amend for failing to respond to the pending dismissal motion. Plaintiff's response to this order _and_ his substantive response will be due by July 5.

10. After that, the Court will determine whether to dismiss the matter for failure to prosecute and failure to file required documents. Fed. R. Civ. P. 41; Local Rule 7-12; Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884 (9th Cir. 2019).